[ No. 1248.   Decided February 14, 1895.]

THE STATE OF WASHINGTON, *on the Relation of A. J. Smith*, v. W. T. FORREST, *Commissioner of Public Lands of the State of Washington.*

MANDAMUS TO COMMISSIONER OF PUBLIC LANDS — PLEADING — REVIEW OF COMMISSIONER'S FINDINGS.

A writ of mandate will not lie for the refusal of the commissioner of public lands to issue a certificate of purchase to an applicant for tide lands, when the petition for the writ fails to show any erroneous application by the commissioner of the law to the facts before him for determination.

The questions of fact decided by the commissioner of public lands upon applications for purchase of tide lands will not be re-examined by the supreme court when the record does not contain a full statement of the evidence upon which his decision was founded.

*Original Application for Mandamus.*

*Wickersham & Reid*, and *N. S. Porter*, for petitioner.

*James A. Haight*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This was an application for a writ of mandate to compel the commissioner of public lands to receive the money of the relator, and issue to him a certificate of purchase for certain tide lands situated in Mason county. To the petition a demurrer was interposed, and, after hearing, overruled. The opinion of the court rendered upon such hearing will be found in 8 Wash. 610 (36 Pac. 686, 1120). Upon the overruling of such demurrer, the alternative writ prayed for was issued, and a return and answer thereto filed on behalf of the commissioner. When this answer came before the court for consideration, a further opinion was rendered, in which it was held that the

facts stated in the answer justified the action of the
commissioner in refusing to issue the certificate of
purchase.   Petitioner was given the right to put in a
reply to the affirmative matter stated in the answer,
and the proceeding was continued for the purpose of
allowing him so to do.   Such reply having been put in,
petitioner now moves the court to set the case down
for hearing upon the questions of fact raised by denials
in the reply to certain allegations of the answer.   Pend-
ing this motion, the respondent moves for judgment
upon the pleadings, dismissing the proceeding.

If we assume that the demurrer to the original
petition was rightly overruled, it would, perhaps, fol-
low that the questions of fact raised by the reply to
the allegations of the answer would have to be tried
before the rights of the parties could be finally deter-
mined.   But a careful reading of the opinion rendered
at the time the return to the alternative writ was be-
fore the court satisfies us that the objections now
urged to the sufficiency of the petition were not con-
sidered by the court at the time the demurrer was
overruled.   It is stated therein that the questions
which challenged the attention of the court at the time
it passed upon the demurrer related to the board of
tide land commissioners, and its right to control the
action of the commissioner of public lands in the de-
termination of questions under the statute upon which
petitioner founded his rights.   From all that was
stated therein, it seems clear that it was the intention
of the court to substantially qualify what had been
said in passing upon the demurrer to the petition.   It
is true that nothing was said about a rehearing of the
questions presented by the demurrer, but it was prob-
ably because it was thought that such questions could
be as well determined upon the issues made by the re-

ply to the answer.    The law relating to applications of this kind was correctly stated in such opinion, as follows:

"The law has entrusted the commissioner with the duty and power of determining the facts in each application presented to him, and directed him, upon the proof of those facts, to proceed in a certain way. With the determination of the facts the courts will not interfere, but should he make an erroneous application of the law to the facts it will then be time enough for judicial interference."

Under this construction of the law, and of the duties of the commissioner thereunder, there is no allegation in the pleadings of any such action on his part as will warrant the interference of this court.    Nor does it appear that the commissioner has refused to proceed in the determination of questions of fact relating to the application.    Interpreting the allegations of the petition and of the reply together, it only appears therefrom that the commissioner refuses to accept payment for the lands and issue a certificate of purchase therefor.    It is not made to appear therefrom that he has determined the facts in accordance with the contention of the petitioner, and, upon the facts so found, so construed the law as to deprive the petitioner of his rights.    It does not appear that the commissioner has ever decided any fact; nor does it appear that he has refused upon a proper application to proceed with the investigation thereof.    All that satisfactorily appears is that petitioner made an application which he claims to have been in due form, and that upon such application the commissioner refused to issue a certificate of purchase.    Under the rule of law above stated it would seem that there could be no relief for an applicant on account of any error by the

commissioner in the determination of questions of fact presented for his decision.

But it is not necessary to go that far in order to sustain the action of the commissioner in the case at bar. If this court under any circumstances could re-examine the questions of fact decided by the commissioner, it would only be upon a record which contained a full statement of the evidence upon which his decision was founded. The evidence upon which the commissioner decided the facts in the case at bar (if he ever did decide them) has not been brought before us. Hence we could not review his findings of fact, even if in a proper case we would have jurisdiction so to do. Under the above stated rule of law, the petition stated no facts which would authorize an interference by this court with the action of the commissioner.

It follows that the alternative writ must be discharged, and the proceedings dismissed.

SCOTT, ANDERS and GORDON, JJ., concur.

DUNBAR, J., dissents.